[No. E031446. Fourth Dist., Div. Two. Apr. 21, 2003.]

In re the Marriage of MELISSA and SHAWN PEDREGON.
MELISSA PEDREGON, Respondent, v.
SHAWN PEDREGON, Respondent;
SAN BERNARDINO COUNTY DEPARTMENT OF CHILD SUPPORT
SERVICES, Appellant.

## COUNSEL

Bill Lockyer, Attorney General, James M. Humes, Assistant Attorney General, Frank S. Furtek and Mary Roth, Deputy Attorneys General; and Daniel L. Bell for Appellant.

No appearance for Respondent Melissa Pedregon.

Edmund L. Montgomery for Respondent Shawn Pedregon.

## OPINION

**GAUT, J.**—In a proceeding dissolving the marriage of Melissa Pedregon (wife) and Shawn Pedregon (husband), the trial court ruled husband was not

required to pay child support for wife's son, David Pedregon, since David was not husband's biological child. As the enforcer of child support on behalf of wife, the San Bernardino County Department of Child Support Services (county) appeals on the ground husband is required to pay child support under the doctrine of parentage by estoppel even though husband is not David's biological father. We agree and reverse the judgment. This matter is remanded to the trial court for determination of the amount of child support.

### 1. *Facts and Procedural Background*

Wife gave birth to David in July, 1989. His birth certificate names Enrique Zaragoza as his father. When David was 10 months old, wife met husband. Husband, wife, and David began living together when David was 18 months old, and husband and wife married in 1991, when David was 22 months old. Wife gave birth to a second son in 1993. Husband is that child's natural father.

Husband and wife acknowledge David is not husband's biological son. Nevertheless, husband treated David as his son and David considers husband his father. David uses husband's last name, as requested by husband, and calls husband daddy. David is unaware that husband is not his biological father. David has never met or heard of his natural father. Wife has not maintained contact with David's natural father and believes she is now unable to locate him.

In April, 2000, husband and wife separated. In June 2000, wife petitioned for legal separation and for dissolution of marriage. Wife retained custody of both of her sons. In July, 2000, the trial court ordered husband to pay child support for David and his brother, and issued an order garnishing his wages.

In July 2001, husband filed an order to show cause (OSC) for modification of child support, visitation, and custody. In particular, husband requested the court to strike child support for David on the ground he is not husband's biological son. In September 2001, the trial court made an interim order eliminating child support for David.

In October 2001, the county filed opposition on wife's behalf to husband's OSC to terminate child support for David. The county argued (1) husband was unable to overcome the presumption of paternity as to David under Family Code section 7611, subdivision (d),[1] and (2) husband was required to pay child support based on the doctrine of paternity by estoppel even though husband is not David's biological father.

---

[1] Unless otherwise noted, all statutory references are to the Family Code.

On October 23, 2001, following a hearing on husband's OSC to terminate child support for David, the trial court found that husband had rebutted the presumption of paternity by establishing he was not David's biological father and, therefore, husband was not required to pay child support for David.

The county appeals on wife's behalf the child support ruling. Husband has not filed a respondent's brief.

## 2. *Parentage by Estoppel*

The county argues the trial court erred in denying child support based on the appellate court's decision in *In re Nicholas H.*, which the California Supreme Court subsequently reversed.[2] The trial court and Court of Appeal in *In re Nicholas H.* ruled the putative father's admission that he was not the child's biological father rebutted the presumption of parentage under section 7611, subdivision (d). Section 7611, subdivision (d) provides a rebuttable presumption of paternity when a putative father receives a child into his home and holds him out to be his own.[3]

Relying on the appellate *Nicholas* decision, the trial court in the instant case ruled the section 7611, subdivision (d) paternity presumption was rebutted by the parties' admission David was not husband's natural child. Therefore husband was not required to pay child support for David.

After the trial court denied child support in the instant case, the California Supreme Court granted review and overruled *Nicholas*, holding that the presumption of parentage was not rebutted by the putative father's admission he was not the child's biological father since no one else was vying for parental rights, and to find such presumption rebutted would render the child fatherless.[4]

Not only did the trial court in the instant case rely upon case law which our high court has since overruled but, in addition, *Nicholas* is not dispositive. *Nicholas* is a dependency case in which a putative father sought custody of a child in which neither the mother nor the natural father was vying for custody of the child. The instant case does not involve the custody of the child. It solely raises the issue of whether a putative father must pay child support for a child.

---

[2]*In re Nicholas H.* (2001) 91 Cal.App.4th 86 [110 Cal.Rptr.2d 126], overturned in *In re Nicholas H.* (2002) 28 Cal.4th 56 [120 Cal.Rptr.2d 146, 46 P.3d 932].

[3]Section 7611, subdivision (d).

[4]*In re Nicholas H., supra,* 28 Cal.4th at page 70.

More importantly, the issue here is not whether the presumption of paternity under section 7611, subdivision (d) has been rebutted but, rather, whether husband is obligated to pay child support based on parentage by estoppel. This issue was not addressed in *Nicholas*.

In considering whether the trial court erred in denying child support in the instant case, we begin by discussing when child support is required under the doctrine of parentage by estoppel. In *In re Marriage of Freeman*,[5] a marital dissolution proceeding, the *Freeman* court affirmed the trial court order imposing child support based on parentage by estoppel. In addressing the issue of child support, the *Freeman* court explained that an ex-husband may be obligated to support his ex-wife's child, even though he is not the biological father: "Significantly, a husband's obligation to support his wife's children may arise quite apart from the presumption set forth in sections 7540 and 7541 and apart from whether he is the biological father of the children. A line of cases holds that the conduct of a husband with no biological ties to a child may nonetheless estop the husband from avoiding parental responsibilities even after the husband's marriage to the child's mother ·is dissolved."[6]

The line of cases relied upon in *Freeman* includes *Clevenger v. Clevenger*,[7] *In re Marriage of Valle*,[8] and *In re Marriage of Johnson*.[9] In *Clevenger*, during divorce proceedings, the wife sought child support from her husband for her child, who was 11 years old at the time of the proceedings. The parties acknowledged the child was not the husband's biological child but the husband had raised him as his own since the child's birth and the child was unaware the husband was not his biological father. The trial court ordered the husband to pay child support. The *Clevenger* court reversed and remanded the case for determination of the issue of whether the husband was required to pay child support based on parentage by estoppel. The court stated that it was unclear from the record whether the husband represented himself to the child as his natural father.[10]

In discussing the elements of parentage by estoppel, Justice Tobriner in the *Clevenger* court stated that if the facts should show "that the husband represented to the boy that he was his father, that the husband intended that his representation be accepted and acted upon by the child, that the child relied upon the representation and treated the husband as his father and gave

[5]*In re Marriage of Freeman* (1996) 45 Cal.App.4th 1437 [53 Cal.Rptr.2d 439].
[6]*In re Marriage of Freeman, supra,* 45 Cal.App.4th at page 1447.
[7]*Clevenger v. Clevenger* (1961) 189 Cal.App.2d 658 [11 Cal.Rptr. 707, 90 A.L.R.2d 569].
[8]*In re Marriage of Valle* (1975) 53 Cal.App.3d 837 [126 Cal.Rptr. 38].
[9]*In re Marriage of Johnson* (1979) 88 Cal.App.3d 848 [152 Cal.Rptr. 121].
[10]*Clevenger v. Clevenger, supra,* 189 Cal.App.2d at pages 670 and 676.

his love and affection to him, that the child was ignorant of the true facts, we would have the foundation of the elements of estoppel."[11]

In clarifying that child support based on parentage by estoppel was narrowly limited, the *Clevenger* court explained: "We have been careful, however, to restrict the indicated liability of the putative father to the case in which he represents to the child expressly or by implication that he is the child's natural father and the child believes him to be the natural father. We do not suggest that the husband who supports his wife's child by another man necessarily incurs liability for the support of that child. Here, if the facts so show, we predicate an estoppel upon the child's acceptance of the representation of the putative father that he is the natural father."[12] The putative father must hold himself out to the child as his natural father and the child must believe it to be true.

The *Clevenger* court added an additional prerequisite: "We emphasize a second limitation on the husband's liability: the representation must be of such long continuance that it frustrates the realistic opportunity of discovering the natural father and truly establishes the paternal relationship of the putative father and the child. We do not discuss here a relationship of some passing days; this relationship continued over the span of a decade."[13]

Relying on *Clevenger*, the court in *In re Marriage of Johnson*[14] reversed the trial court's ruling denying child support, concluding the putative father was responsible for child support based upon parentage by estoppel even though the child was not the husband's biological child. The husband had treated the child as his own since the child's birth and held himself out as the child's natural father, although he claimed he never told anyone he was the child's natural father.

The *Johnson* court concluded the six-year-long parent-child relationship was long enough to require child support liability based on parentage by estoppel. The *Johnson* court further concluded that, even though the putative

---

[11]*Clevenger v. Clevenger, supra,* 189 Cal.App.2d at page 671.

[12]*Clevenger v. Clevenger, supra,* 189 Cal.App.2d at page 674; *In re Marriage of Freeman, supra,* 45 Cal.App.4th at pages 1447-1448.

[13]*Clevenger v. Clevenger, supra,* 189 Cal.App.2d at page 675; *In re Marriage of Freeman, supra,* 45 Cal.App.4th at page 1448.

[14]*In re Marriage of Johnson, supra,* 88 Cal.App.3d 848.

father never told the child he was his father, it was implied through the putative father's conduct.[15]

Likewise, in *In re Marriage of Valle*,[16] the court concluded a six-year-long father-son relationship, beginning when the child was five years old, was of sufficient duration to establish parentage by estoppel when the child was unaware the putative father was not his natural father.[17]

In the instant case, husband held himself out to be David's natural father for a lengthy period of time, and for as long as David could remember. David never knew his biological father nor was informed he had a father other than husband. David was 10 months old when husband met David's mother, 17 months when husband moved in with wife and David, and 22 months when he married David's mother. According to husband, he treated David as his own child. David used husband's last name, called him daddy ever since he was three, and considered husband to be his father.

Wife stated in her OSC declaration supporting her request for child support that husband held himself out to be David's natural father for over 12 years. He placed David on his health insurance and requested that David use husband's last name. Husband is the only father David has ever known and is unaware that husband is not his biological father. Husband also encouraged wife to disregard David's biological father.

Under these circumstances, there was substantial evidence supporting a finding of parentage by estoppel. The trial court thus abused its discretion in not ordering husband to pay child support as David's putative father.

The courts have recognized the importance of a putative father continuing his paternal relationship with a child, including providing emotional and financial support, when the father has represented to the child and the child has been led to believe over a lengthy period of time that the father is his natural father. "We are dealing with the care and education of a child during his minority and with the obligation of the party who has assumed as a father to discharge it. The law is not so insensitive as to countenance the breach of

---

[15]*In re Marriage of Johnson, supra,* 88 Cal.App.3d at pages 850, 852.
[16]*In re Marriage of Valle, supra,* 53 Cal.App.3d 837.
[17]*In re Marriage of Valle, supra,* 53 Cal.App.3d at pages 841-842.

an obligation in so vital and deep a relation, undertaken, partially fulfilled, and suddenly sundered."[18]

### 3.   *Disposition*

The child support order is reversed and remanded to the trial court for determination of the amount of child support. The parties are to bear their own costs on appeal.

McKinster, Acting P. J., and Richli, J., concurred.

---

[18]*Clevenger v. Clevenger, supra,* 189 Cal.App.2d at page 674; *In re Marriage of Freeman, supra,* 45 Cal.App.4th at page 1447.